## SCHAGER, Appellant, v. DINNEEN, Respondent.

### (144 N. W. 719.)

1. **Evidence—Conclusiveness on Party Introducing it—Estoppel by Pleading.**

    In an action on a note given in payment for drills, defendant, who set up a breach of warranty, and introduced in evidence a copy of the same, cannot on appeal contend that the warranty was not in accordance with the instrument introduced.

2. **Sales—Action for Price—Failure of Consideration—Sufficiency of Evidence—Defects, and Value.**

    In an action on a note, where defendant plead breach of warranty and total failure of consideration, in that the machines for which the note was given were, unfit for purpose intended, a general verdict for defendant cannot be sustained, it nowhere appearing that one of the machines was defective, or that notice to plaintiff of its defects was given, and there was no evidence of its value.

3. **Sales—Warranties—Notice of Breach.**

    Where the warranty of an implement manufacturer required immediate notice of failure of any machine to perform the

work for which it was intended, notice given by a dealer some six months after defects developed in using the machines, is too late to entitle him to take advantage of the warranty.

4. Evidence—Admissibility—Best Evidence—Oral Evidence of Letter.

In an action on a note for price of farm machines, defendant, who set up breach of warranty, cannot, over plaintiff's objections on grounds of lack of foundation, and of failure to demand its production, testify as to contents of a letter alleged to have been written by him to plaintiff giving timely notice of breach of warranty.

5. Appeal—Abstracts—Sufficiency—Additional        Abstract—Presumption.

Appellant's abstract is presumed to be correct; and if incomplete, it was respondent's duty to have made it complete by an additional abstract, or statement of case, in default of which, said presumption exists.

(Opinion filed December 30, 1913.)

Appeal from Circuit Court, Beadle County. Hon. ALVA E. TAYLOR, Judge.

Action by E. L. Schager against S. D. Dinneen, to recover upon a note. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Gardner & Churchill,* and *C. A. Christopherson,* for Appellant. Where the contract provides that in case the machine fails to fulfill the warranty, then both the purchaser and the dealer shall give immediate notice to the company, compliance with these terms of contract or warranty is indispensible and is a condition precedent to the existence of any cause of action under the warranty. Louis v. Hubbard, 1 Lea (Tenn.) 436, 27 Am. Rep. 775; Beckett v. Gridley, et. al., 67 Minn. 37, 69, N. W. 622.

Where the warranty requires notice to be given at once, a compliance with these terms is indispensable, to permit a counterclaim to recover the purchase price of the machine. Oscar Smith & Sons Co. v. Janesville Batting Mills Co., (Wis.) 137 N. W. 966. Gaar, Scott & Co. v. Halverson, et al., 128, N. W. 108.

The respondent testified that he wrote the Fetzer & Co. about the time the drills were brought back, but there is no evidence that the letter presumed to have been written, was ever mailed to Fetzer & Co. at Middletown, Ohio. There is no evidence whatever that the respondent, S. D. Dinneen, gave notice of defects in any other manner.

The court erred in overruling plaintiff's objection to the questions propounded to the defendant under direct examination, for the reason stated in said objection: Hanson v. Lindstrom, 15 N. D., 351, 108 N. W. 798.

The evidence fails to show a total failure of consideration, for the reason that there is no evidence which tends in any way to prove that the drill sold to Frank Shannahan was not in accordance with the warranty.

## IN REPLY.

Respondent is attempting to rest his case upon a different theory in this court from that in the trial court, and to rely upon an implied warranty. McTherson v. Julius, 17 S. D. 98, at page 122; Parrish v. Mahany, 12 S. D. 278; Loomis v. LeCocq, 12 S. D. 324; Noyes v. Brace, 9 S. D. 603. Respondent proved a special written warranty. This precludes all written or implied warranties. 30 Am. & Eng. Enc. of Law, p. 135; La Crosse Plow Co. v. Helgeson, (Wis.) 106 N. W. 1094; Sherwood v. Hulett (Wis.) 114 N. W. 1111; Monroe v. Hickox, Mull and Hill Co., (Mich.) 107 N. W. 719; Sullivan Machinery Co. v. Breeden, (Ind.) 82 N. E. 107.

Under the contract between the parties, the written warranty proved by the defendant and respondent himself was made the only warranty existing between the parties.

Respondent has filed no additional abstract, hence appellant's abstract will be taken as a true statement of the evidence in the case, and this appeal determined thereon. Valley City Land & Irr. Co. vs. Schone, 2 S. D. 344. Billinghurst v. Spink County, 5 S. D. 87; Noyes v. Lane, 2 S. D. 55; State v. Harbour, (S. D.) 129 N. W. 565.

*A. W. Wilmarth,* for Respondent..

There being evidence that these drills were of no value it was unnecessary for the defendant to give Fetzer and Co. any notice. However, the defendant did give Fetzer and Co. notice that these drills would not work and that he couldn't keep them out and the defendant further notified Fetzer and Co. by letter under date of Sept. 7, 1909.

The jury found for the defendant that these machines were of no value. There being evidence to sustain the finding of the jury and no complaint of the charge of the court in submitting

the case to the jury, that verdict should be sustained. There was no evidence that these drills were of no value.

The objection to question asked of defendant, states there was no proper showing. This admits some showing. What that showing was, is not before the court. The presumption of law is that in the absence of a showing to the contrary, that the ruling was correct. There is no evidence to show that the letter referred to in said interrogatory was ever mailed to Fetzer and Co., or that Fetzer and Co. ever had possession of it.

GATES, J. On May 19, 1908, respondent, a dealer in farm implements at Huron, S. D., gave Wm. Fetzer & Co. a non-negotiable promissory note for $120 in payment for four drills pursuant to a contract or receipt, a copy of which is as follows: "Huron, S. D., May 19th, 1908. Received of S. D. Dinneen of Huron, So. Dakota, his note. for one hundred and twenty dollars ($120.00) which becomes due and payable Nov. 1st, 1908 (9), with 7 per cent interest from maturity. Said note if so accepted by Fetzer & Co. of Middletown, Ohio, shall constitute payment in full of four (4) Plymouth drills made by Fetzer & Co., said drills being complete and with the extra boots and scrapers belonging thereto, said drills to be placed f. o. b. cars at Gettysburg, So. Dakota, in good shape. If note is not accepted as above stated then said note to be returned to S. D. Dinneen at Huron, S. D., by Fetzer & Co. Said drills to be loaded and shipped to S. D. Dinneen at Huron, S. D., upon his request any time prior to Oct. 1st., 1908. Fetzer & Co., by H. Q. Turner. S. D. Dinneen." Default having been made in the payment of said note, this action was instituted by appellant, the holder thereof. To the complaint the respondent interposed a general denial. Said answer also contained the following:

"(4) For a further defense, and by way of counterclaim, the defendant alleges that the note which he gave to William Fetzer & Co. was given for Fetzer disc drills under a special warranty that the drills were of good material, well made, and would deposit grain in an even and equal proportion over the land drilled.

"(5) That the drills were not well made; that they were constructed of poor material; that they would clog and break, and would not sow grain in an even and equal proportion and would not sow flax at all; were of inferior workmanship and were unfit

for the purposes for which they were constructed and sold to defendant."

Upon the trial respondent was allowed to amend the answer by adding to paragraph 5 "that they were of no value whatever." Upon the trial, presumably to prove the special warranty alleged in paragraph 4 of the answer, respondent offered in evidence a contract between Fetzer & Co., party of the first part, and S. D. Dinneen, party of the second part, existing at the time the drills were purchased, the material part of which is as follows:

"(10) Second party hereby accepts the special instruction contained herein as part of this agreement and the printed warranty on this contract for goods sold under this contract as the only one authorized by said first party and any variation therefrom makes second party liable for all loss, damage or expense occasioned thereby. * * *

"Warranty. All goods sold on this contract are purchased and sold subject to the following warranty and agreement, which is made a part of the contract: Any machine of our make is guaranteed 'to do good and efficient work for which it is intended when properly operated.' The purchaser shall have one day to give it a fair trial; should the implement then fail to fulfill this warranty, notice is to be given at once to the dealer from whom the machine was purchased and after the dealer has used his best efforts, and should the machine still fail to fulfill the warranty, then both the purchaser and dealer are to give immediate notice to Fetzer & Company, at Middletown, Butler county, Ohio, stating wherein the machine fails to fulfill the warranty. * * * Under no circumstances will the goods be allowed to be returned without an understanding and direct instructions from Fetzer & Company. If notice of difficulty is not received as above stated, it will be conclusive evidence of satisfaction."

One of the drills was broken and defective when it was delivered to respondent. The remaining three drills respondent sold in the spring of 1909 to farmers by the names of Evans, Welch, and Shanahan. The jury returned a verdict in favor of the defendant. From the judgment based thereon, and from the order denying a new trial, the plaintiff appealed.

[1, 2] If it be a fact that these drills were sold to respondent by Fetzer & Co., under the terms of the above warranty, and

respondent may not for the purposes of this appeal say that they were not, the evidence was insufficient to sustain the verdict because no evidence was offered that showed that the drill sold to Shanahan was defective, and there is no evidence from which the value of that drill could be ascertained. In other words the allegations of breach of warranty in the counterclaim by reason of the total failure of consideration were not sustained by the evidence because it was not proven that the Shanahan drill was even defective. Testimony was offered with reference to defects in the particular drills sold to Welch and Evans, but none was offered in relation to the drill sold Shanahan, except the very general language used in the letter hereinafter recited that "the drills would not work." Nor was there any evidence tending to show any notice to respondent that the Shanahan drill was defective. As to the drill sold to Welch, it expressly appears that respondent did not attempt to make it work, after being notified of its defects as he was obligated to do if the machines were purchased by him from Fetzer & Co. under that warranty. As to the drill sold to Evans, it appears that respondent did try to make it work after being notified of its defects, and as to the fourth drill it satisfactorily appears that respondent promptly gave notice to Fetzer and Co. of its broken condition.

[3] But the important question in the case under the terms of the warranty is: Did respondent give Fetzer & Co. timely notice that the three drills sold by him in the spring of 1909 to the three customers were defective? The defects in the drills sold to Welch and Evans were made known to him within one day after use. Nearly six months afterward, and on Oct. 7, 1909, respondent wrote Fetzer & Co. as follows: "Huron, South Dakota, 10-7, 1909. Fetzer and Co., Springfield, Ill.—Gentlemen: In 1908 I purchased from your Mr. Taylor (4) Fetzer Drills you had at Gettysburg, S. D. Gave him my note due Nov. 1st, 1909 for $120.00. I write you this to say that I sold the drills and took settlement from my customers at time I put them out. But they were unable to make them do the work nor could my men make them give any kind of satisfaction and I turned back to the purchasers their notes and money. The drills are here subject to your order Please return me my note. You also have some seeders here for two years. I wish you would order them away. No room to keep them covered

from now on. Yours truly, S. D. Dinneen." Under the terms of the warranty, such notice was not timely.

[4] Upon trial, respondent being a witness and the above letter having just been offered in evidence the following appears to have taken place: "Q. Now state what you said to them, as near as you can remember, in the letter you wrote right away after the drills were brought back.

Mr. Churchill: That is objected to for the reason it is not the best evidence and no proper showing made as to the present whereabouts of such letter and no timely demand made upon the plaintiff to produce all correspondence, and the plaintiff had no opportunity to produce such correspondence, if any exists. The Court: He may answer. (To which ruling the plaintiff then and there duly excepted and exception was allowed.) Q. State the contents. A. I wrote them I couldn't keep them out. Couldn't make the drills work, or words to that effect. I don't remember the exact wording of the letter." Under respondent's theory that the goods were purchased from Fetzer & Co. under the above warranty, it was incumbent upon respondent to show that he had given Fetzer & Co. notice of the defects promptly after discovery. It was certainly prejudicial error to allow the witness to prove the contents of that letter, over appellant's objection, without any foundation having been laid therefor.

[5] It is contended by respondent that the objection "no proper showing" presupposes some showing, and that, as the record does not disclose such showing, the ruling of the court must be deemed to be correct. This argument is specious. If appellant's abstract of the record is incomplete, it was the duty of the respondent to have made it complete by an additional abstract or statement of the case; not having done so, we must presume the record to be correct.

Inasmuch as the remaining errors complained of may not arise on a new trial, we do not deem it necessary to consider them at this time.

For the reasons herein given, the judgment and order denying a new trial are reversed.