SCHAGER, Respondent, v. DINNEEN, Appellant.

(153 N. W. 935.)

(File No. 3718.   Opinion filed August 25, 1915.   Rehearing denied.)

1.   Evidence—Depositions—Error—Filing of Objections, Necessity.
        Defendant having failed to file objections to a deposition before trial, the statute requiring this to be done, held, that trial court did not err in receiving in evidence the deposition.

2.   Sales—Action for Price—Evidence of Warranty Under Terminated Contract, Immateriality of.

In a suit on a note given for personalty, **held,** that evidence
of a warranty not contained in the agreement in which the note
was involved, there being no evidence that such warranty, em-
braced in a former and terminated contract, should apply to
the property for which the note was given, was immaterial.

3. **Same—Implied Warranty of—Fitness for Special Purpose—
Common Law, Statutory, Warranty.**

There is no implied warranty, either under Civ. Code, Secs.
1322-1337, concerning sales of personalty, or at common law,
that drills sold were in any respect fitted for the purpose for
which purchased.

4. **Same—Action on Purchase Price Note—Worthlessness of Goods
—Immateriality of Defense—Absence of Fraud or Failure of
Title, or Warranty.**

Where there is no fraud, or failure of title, and no warranty,
it is no defense to an action on a note that the article for
which it was given was valueless.

Appeal from Circuit Court, Beadle County. Hon. ALVA E.
TAYLOR, Judge.

Action by E. L. Schager against S. D. Dinneen, to recover
on a purchase money note. From a judgment for plaintiff, and
from an order denying a new trial, defendant apeals. Judg-
ment and order affirmed.

See, 33 S. D. 116, 144 N. W. 119.

*A. W. Wilmarth,* for Appellant.

*Christopherson & Melquist,* and *Gardner & Churchill,* for ·
Respondent.

(1) Under point one of the opinion, Respondent cited:
Code Civ. Proc., Secs. 524, 525, 526.

(2) Under point two of the opinion, Appellant cited. 2d
Ed. Vol. 14, Am. & Eng. Ency. of Law, 120, and cases there
cited.

Respondent submitted that: The guarantee, Exhibit 7, was
no part of the written contract between the parties at the time
the note, Exhibit A, was delivered.

(4) Under point four of the opinion, Respondent submitted
that: No fraud or mistake being pleaded, or shown in the case,
appellant is bound by his written contracts as he signed them.
That defendant received the consideration for which he con-
tracted, and cannot claim failure of consideration; and · cited:
Hill v. Dilland, (Mo.) 161 S. W. 881; Sutrow v. Rhodes, (Cal.)

28 Pac. 98; Cobb v. Herron, 5 N. E. 189; Otis v. Cullum, (U. S.) 23 L. Ed. 496; Am. & Eng. Ency. of Law, 2d Ed., Vol. 6, p. 870.

WHITING, J.    This is the second appeal herein.    Our decision upon the first appeal will be found reported in Schager v. Dinneen, 33 S. D. 116, 144 N. W. 719.    Reference is made to such decision for a statement of the nature of the action, the defenses interposed, and the agreement entered into at the time of the giving of the note sued on. . Upon the trial from which the present appeal is taken a verdict was directed for the plaintiff.    From the judgment entered thereon and from the order denying a new trial, defendant appealed.

[1] Appellant contends that respondent failed to properly establish ownership of the note sued on.    That there was sufficient evidence to prove such ownership could hardly be questioned.    Certain of such evidence was received over appellant's objections.    This evidence was contained in depositions which had been on file for a considerable time.    The only objections to such evidence that could have been properly interposed were objections which the statute requires to be filed in writing before trial.    Appellant had failed to file such objections, and the court did not err in receiving the evidence.

[2] Appellant sought to establish the breach of the special warranty alleged in paragraph 4 of his answer.    This special warranty was contained in an agency contract entered into between appellant and the payee of the note now in suit, and thus entered into two years prior to the date of the transaction out of which such note arose.    The contract containing such warranty terminated before the date of the transaction involved herein. No evidence was received, and no competent evidence was offered, tending to prove an agreement that the warranty contained in the former contract should apply to the property for which the note in suit was given and thus become a part of the consideration for such note; and no such warranty was contained in the written agreement entered into as a consideration for the note in suit. Any evidence bearing upon such warranty was immaterial.

[3, 4] The note in suit was given for four drills.    Defendant alleged that such drills were of no value whatsoever.    He offered evidence tending to prove such allegation, and the court sustained

respondent's objections thereto. Such rulings of the court present the really meritorious question in this case. Appellant did not contend that he did not get the drills. He admitted receiving them, and that three of them were in good shape when received. The verdict that was directed was for such part of the amount of the note as covered the purchase price of these three drills. There was no implied warranty, either by statute (article 3, c. 2, C. C.), or under the common law (section, 1349, Mechem on Sales), that such drills were in any respect fitted for the purpose for which purchased. Appellant neither alleged nor sought to prove that any fraud was practiced upon him in connection with this transaction. The undisputed facts, as established when appellant sought to prove the drills to have been without value, showed that appellant had received the very thing contracted for and that he took the same without warranty as to its fitness. It is a settled rule of law that it is no defense to an action on a note that the article for which it was given proved to be worthless, where there is no fraud, or failure of title, and no warranty. Where a person gets all the consideration he voluntarily and knowingly contracts for, he will not be allowed to say he got no consideration. 3 R. C. L. §142; Mechem on Sales, § 832; 6 A. & E. Ency. Law, 780, 781; Baker v. Roberts, 14 Ind. 552. In Sherburne v. Shaw, 1 N. H. 157, 8 Am. Dec. 47, the court used the following language peculiarly applicable to the facts of the present case:

"The defendant deliberately gives his note and receives the article stipulated for; and should its quality prove bad, without any fraud or warranty by the vendor, the vendor is innocent; and it is no more reasonable that the misfortune should fall upon him than upon the vendee. Without deceit or a special contract, the seller is not responsible for the goodness of articles sold; and the maxim of caveat emptor applies in full force. When the specific chattels thus purchased are delivered to the buyer, all is passed which the parties engage; and it would be a solecism to pronounce that the note for them was given without consideration, when the whole subject-matter of the consideration was delivered in conformity to the contract."

The judgment and order appealed from are affirmed.